## McMAHAN et al. v. BRISCOE.
### No. 8915.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 9, 1932.

Hubberd, Dyer & Weaver, of Corpus Christi, for appellants.

Conger & Conger, of San Antonio, and Sidney P. Chandler, of Corpus Christi, for appellee.

FLY, C. J.

This is a suit on a promissory note and for the foreclosure of a vendor's lien on lots 19 to 23, inclusive, block 106, of the East Robstown addition, instituted by appellee against B. R. McMahan, Mrs. Lela O. McKinley, a feme sole, and Lela E. McKinley, a feme sole. No jury was demanded, and on the trial the court rendered a judgment by default for $2,182.62 against B. R. McMahan, and for $1,400 against Lela O. McKinley, being the amount of her indorsement upon the note, and foreclosed the vendor's lien as to all of the defendants. The McKinleys appealed.

The findings of fact are fully supported by the statement of facts, and are adopted as the conclusions of fact of this court:

"1. On the 16th day of April, 1930, B. R. McMahan executed to Leila E. McKinley and delivered to Leila O. McKinley a vendor's lien note, being note number two, for the sum of Nineteen Hundred ($1,900.00) Dollars payable in installments of One Hundred ($100.00) Dollars each, beginning on June 1, 1930, until and including October 1st, 1930, and on November 1, 1930, an installment of Three Hundred Fifty ($350.00) Dollars and on December 1st, until and including April 1st, 1931, installments of One Hundred ($100.00) Dollars each, and on May 1, 1931, an installment of Three Hundred Fifty ($350.00) Dollars with installments of One Hundred ($100.-00) Dollars each on June 1st and July 1st, 1931, this note was secured by a vendor's lien on Lots Nineteen (19) to Twenty-Three (23), both inclusive, Block 106, East Robstown Addition to the Town of Robstown, situated in Nueces County, Texas, and being the Brendel Hotel Property, together with the fixtures, accessories and appliances therein. The note number one was for the sum of Twenty Thousand One Hundred ($20,100.00) Dollars and was created on the same date as note number two, and secured accordingly.

"2. The vendor's lien was retained in the deed of even date with the above described notes from Leila E. McKinley by Leila O. McKinley, as her attorney in fact, to B. R. McMahan.

"3. On the 17th day of April, 1930, Leila O. McKinley, acting for herself and as attorney in fact for Leila E. McKinley, transferred and delivered note number two, hereinbefore described, to Ed Hughes. In the written transfer executed by Leila O. McKinley, Leila O. McKinley made the following guaranty:

" 'I hereby personally guarantee the payment of above note except Five Hundred ($500.00) Dollars.'

"And endorsed on the note over the signature of Leila O. McKinley, she made the following guaranty:

" 'I hereby guarantee personally the payment of the within note except Five Hundred Dollars ($500.00).'

"4. Leila O. McKinley negotiated all transactions pertaining to the sale of the Brendel Hotel Property and acted for herself and as attorney in fact for Leila E. McKinley in delivering the note for Nineteen Hundred ($1900.00) Dollars to Ed Hughes on April 17, 1930, which note was never in the possession of Leila E. McKinley, and was delivered to Ed Hughes in payment of a real estate brokerage fee due him for the sale of the hotel property to B. R. McMahan.

"5. On the 6th day of June, 1930, by a written instrument, Ed Hughes transferred and delivered the Nineteen Hundred ($1900.-00) Dollar note to Eugene Briscoe, Sr., plaintiff herein, excepting Four Hundred ($400.00) Dollars, of which amount One Hundred ($100.00) Dollars, had previously been paid and Three Hundred ($300.00) Dollars was retained by Ed Hughes. On the 14th day of July, 1930, by an instrument in writing, Ed Hughes transferred and delivered to Eugene Briscoe, Sr., the whole of said Nineteen Hundred ($1900.00) Dollar note less the One Hundred ($100.00) Dollars previously paid thereon, whereby, for a valuable consideration, Eugene Briscoe, Sr., became the owner and holder in due course of the note sued upon.

"6. On the 16th day of July, 1930, Mrs.

Leila O. McKinley repurchased the above described property from B. R. McMahan, which property was conveyed to her by a warranty deed executed and delivered to her by B. R. McMahan and wife, in which conveyance Mrs. Leila O. McKinley had such land conveyed to her son, William Wallace McKinley, and therein she had incorporated the following provision as a part of the consideration for such conveyance:

" 'Subject to the following indebtedness: the sum of Seventeen Thousand Five Hundred ($17,500.00) Dollars, payable to the Herman Sons of Texas, and Twenty-Five Hundred ($2500.00) Dollars payable to W. M. Conger of San Antonio, Texas; Also one note in the sum of Twenty Thousand One Hundred ($20,100.00) Dollars and one vendor's lien note in the sum of One Thousand Nine Hundred ($1,900.00) Dollars, both of said notes being payable by the grantee herein, the said B. R. McMahan to Lela E. McKinley or her assigns, all of the said indebtedness hereinabove listed being the same as is listed in the deed from Lela E. McKinley to B. R. McMahan signed and delivered on the 16th day of April, A. D. 1930, for the purpose of further description of said indebtedness, reference to said deed being here made.'

"7. If Leila O. McKinley was not in fact the equitable owner of the Brendel Hotel Property and the notes executed by B. R. McMahan in payment thereof, she did have power and authority from Leila E. McKinley, to endorse and deliver the Nineteen Hundred ($1,900.00) Dollar note to Ed Hughes, as attorney in fact for Leila E. McKinley, and such note was actually delivered to Ed Hughes at the time of the transaction hereinbefore mentioned, though it was not endorsed by the use of the name of Leila E. McKinley at the time of such delivery.

"8. The note sued upon was declared due and payable upon non-payment of the installments as same accrued, and was placed in the hands of Conger & Conger, attorneys at law, for collection with an agreement to pay them the ten per cent provided therein as attorney's fees for such collection, which is a reasonable fee.

"9. At the time of entering judgment in this cause, there was Two Thousand One Hundred Eighty-Two and 62/100 ($2,182.62) Dollars, principal, interest and attorney's fees due and unpaid on said note, and the plaintiff was entitled to recover such amount against B. R. McMahan and Fourteen Hundred ($1,400.00) Dollars of such amount against Leila O. McKinley with a foreclosure of his lien upon the hereinbefore described property.

"10. The sale of the above described property to B. R. McMahan was fully and finally consummated on the 16th day of April, 1930, in good faith, and the defendants have proved no defense to the plaintiff's cause of action."

The propositions of law are fully answered by the conclusions of fact, supported by the statement of facts, and are overruled. Lela E. McKinley, payee in the note transferred by Mrs. Lela O. McKinley, was the daughter of the latter, and appeared as a rather negative character throughout the negotiations and transfers. The mother, in her testimony, swore that she was authorized by a power of attorney to act for her daughter. She so acted, and Lela E. McKinley, the daughter, did not deny such agency, but failed to testify. The mother was the active agency through whom all the transactions were consummated.

The facts, as found by the trial judge, show the power and authority of Mrs. Lela O. McKinley to act for her inactive and acquiescent daughter. She swore: "My daughter is 27 years old and single. I acted under power of attorney in all the transactions for my daughter Lela E. McKinley. She was not present in any of the transactions. I did the trading on my own judgment; she had left it up to me—she was teaching in Laredo, and all deals were made without the presence of my daughter—I made them for her. * * *. I delivered the note to Mr. Hughes and personally guaranteed it myself. I did not deliver it to my daughter. In most of the transaction I was acting under power of attorney for my daughter."

There is no error in the judgment, and it is affirmed.